USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America, | |
| –v– | 15-cr-95 (AJN) |
| Dante Plummer, | ORDER |
| Defendant. | |

ALISON J. NATHAN, District Judge:

Defendant Dante Plummer has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, this motion is DENIED.

I. **BACKGROUND**

On October 6, 2016, Defendant pleaded guilty to Count One of the S2 superseding indictment in the above-captioned case, which charged him with participating in a racketeering conspiracy. *See* Dkt. No. 727; Dkt. No. 97. On January 17, 2017, Defendant appeared before this Court for sentencing, and the Court sentenced him to a below-guidelines sentence of 24 months' imprisonment to be followed by 3 years of supervised release. *See* Dkt. No. 979; Dkt. No. 1035. Defendant's supervised release commenced on February 27, 2018. Since commencement of his term of supervised release, Defendant has twice been arrested by state authorities and charged with possession of a loaded 9 mm firearm. Defendant has also twice been arrested federally for several alleged violations of supervised release, including those stemming from the state firearm charges, among others.

On November 14, 2019, Defendant admitted to four of nine pending violations of supervised release specifications alleged in the November 13, 2019 Second Amended Request for Warrant, namely that he: 1) left the District without permission; 2) failed to notify Probation

1

of an arrest; 3) associated with convicted felons; and 4) made false statements and provided false documents to Probation.  *See* Dkt. No. 2704.  On January 7, 2020, the Court sentenced Defendant to 10 months' imprisonment for these violations of his supervised release.  *See* Dkt. No. 2738; Dkt. No. 2760.  Defendant is currently housed at the Metropolitan Correctional Center, and his projected release date is September 4, 2020.  On June 3, 2020, Defendant filed the motion for compassionate release now before the Court.  *See* Dkt. No. 2871.[1]  The Government opposed Defendant's motion on June 10, 2020, *see* Dkt. No. 2882, and Defendant filed a reply in further support of his motion on June 12, 2020, *see* Dkt. No. 2888.

## II.    DISCUSSION

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011).  The compassionate-release statute creates one such exception:  It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Under the recently enacted First Step Act, defendants serving their sentence may move the Court for compassionate release.  *See United States v. Gotti*, No. 02-cr-743 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020); *United States v. Gross*, No. 15-cr-769 (AJN), 2020 WL 1673244, at *2 (S.D.N.Y. Apr. 6, 2020).  Defendant has filed such a motion.

---

[1] In this motion, Defendant's counsel seeks reappointment as Defendant's CJA counsel for the limited purpose of filing the motion now before the Court.  *Id.* at 1 n.1.  The Court grants the request.  CJA counsel shall file a separate request stating the date upon which the appointment should be deemed effective.

Before the Court may modify a term of imprisonment, a defendant usually must satisfy the statute's administrative exhaustion requirement. One avenue to doing so is if there is a "lapse of 30 days from the receipt of . . . a request [for the BOP to bring a compassionate release motion] by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Here, Defense counsel submitted a request for compassionate release on Defendant's behalf to the Warden of the MCC on April 21, 2020. *See* Dkt. No. 2871 at 8–10. Because 30 days have elapsed since April 21, 2020, Defendant has satisfied the exhaustion requirement. Accordingly, the Court proceeds to consider his motion on the merits.

To award Defendant the relief he seeks, the Court must find that "extraordinary and compelling reasons warrant" compassionate release, 18 U.S.C. § 3582(c)(1)(A)(i), and that release is consistent with the Sentencing Commission's policy statements, *id.* § 3582(c)(1)(A). The Court must further consider the factors set forth in 18 U.S.C. § 3553(a). *Id.* § 3582(c)(1)(A).

The Court first considers whether "extraordinary and compelling reasons warrant . . . a reduction" in sentence and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence." *United States v. Butler*, No. 19-cr-834 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020). The applicable policy statement, U.S.S.G. § 1B1.13, and its corresponding commentary outline four circumstances that constitute "extraordinary and compelling reasons" and thus warrant a sentence reduction.[2] One

---

[2] U.S.S.G. § 1B1.13 references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts. *United States v. Ebbers*, No. 02-cr-1144 (VEC), 2020 WL 91399, at *1, 4 (S.D.N.Y. Jan. 8, 2020). The majority of courts have concluded that since

3

of these circumstance exists where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The Court has on several occasions concluded that the combination of the COVID-19 pandemic and underlying health conditions that place an incarcerated individual at higher risk of serious illness from COVID-19 constitutes an "extraordinary and compelling reason" warranting compassionate release. *See, e.g. United States v. Jones*, No. 15-cr-95 (AJN), Dkt. No. 2865 (S.D.N.Y. May 24, 2020). However, here Defendant concedes that he does not suffer from a condition identified by the Centers for Disease Control and Prevention as a risk factor for severe illness from COVID-19. *See* Dkt. No. 2871 at 3; Dkt. No. 2888 at 2; *see also* Centers for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Though Defendant does assert that he has had pneumonia several times, *see* Dkt. No. 2871 at 3, the Court cannot conclude that an otherwise healthy 23-year-old Defendant's history of pneumonia, without more, constitutes an extraordinary and compelling reason warranting compassionate release. Moreover, the Court cannot say that Defendant—who possessed a loaded 9 mm firearm at the time of his arrest on charges forming the basis of his underlying criminal conviction, PSR ¶ 25, and has subsequently been arrested by state authorities and

---

passage of the First Step Act, courts may make their own assessment of whether "extraordinary and compelling" reasons warrant a sentence reduction. *See, e.g., United States v. Millan*, No. 91-cr-685 (LAP), 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) (citing cases).

charged with possession of a loaded 9 mm firearm *twice* while on supervised release—does not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Accordingly, because all the requirements of 18 U.S.C. § 3582(c)(1)(A)(i) have not been met, the Court concludes that compassionate release is not warranted here.[3]

### III. CONCLUSION

For the reasons articulated above, Defendant's motion for compassionate release is DENIED. This resolves Dkt. No. 2871.

SO ORDERED.

Dated: June 23, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[3] The Court need not—and does not—consider whether compassionate release would be consistent with the factors set forth in 18 U.S.C. § 3553(a) because it concludes that Defendant has not satisfied the extraordinary and compelling reasons prong of the compassionate release analysis and that his release would pose a danger to the safety of the community.